UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY DEAN THOMASON,

                Petitioner,

v.                                    CASE NO. 03-CV-70363-DT
                                    HONORABLE NANCY G. EDMUNDS

DAVID JAMROG,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS
## TO HOLD RESPONDENT IN CONTEMPT AND TO STAY THIS CASE

       Petitioner Tommy Dean Thomason has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254.  Currently pending before the Court are Petitioner's motion to hold Respondent in contempt for failing to file a timely response to Petitioner's amended habeas petition and Petitioner's motion to stay this case while he exhausts state remedies for three new claims.

### The Motion to Hold Respondent in Contempt

       On July 21, 2005, the Court ordered Respondent to file an answer to Petitioner's habeas petitions.  The Court did not set a specific date for the answer; instead, the Court stated that the answer should be filed within six months.  Respondent substantially complied with this order by filing his answer on January 23, 2006.  Even if the answer were deemed untimely, a default judgment is not available in a habeas corpus proceeding on the ground that officials failed to file a timely response to the petition.  *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).  Therefore, Petitioner's motion to hold Respondent in contempt of court [Doc. ##23, Jan. 27, 2006] is

DENIED.

## The Motion to Hold the Petition in Abeyance

Petitioner has raised a total of ten issues in his habeas petitions.  He now seeks to stay this action so that he can exhaust state remedies for the following additional issues:  (1) the probable cause determination for the arrest warrant was defective, as the warrant was not supported by the complainant's sworn testimony; (2) Petitioner was not arraigned on the charges within forty-eight hours after the issuance of the arrest warrant; and (3) Petitioner was denied the assistance of counsel during the arraignment.

Courts are not precluded from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies."  *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring).  However, stay and abeyance are available only in limited circumstances, such as when (1) the petitioner establishes good cause for not exhausting his claims first in state court, (2) the new claims are not clearly meritless, and (3) the petitioner is not engaging in abusive litigation tactics or intentional delay.  *Rhines v. Weber*, 544 U.S. 269, __, 125 S. Ct. 1528, 1535 (2005).

Petitioner appears to be engaging in dilatory tactics, because this case was dismissed once before so that Petitioner could exhaust state remedies for certain new claims.  He has not shown good cause for failing to raise all his new claims then.  Furthermore, Petitioner no longer has an available state remedy to exhaust.  The exclusive means for challenging a Michigan conviction after a defendant has had an appeal by right or by leave is to file a motion for relief from judgment.  *See* Mich. Ct. R. 6.501 and the accompanying staff comment.  Defendants are permitted to file only one motion for relief from judgment unless the motion is based on a

2

retroactive change in the law or on a claim of new evidence.  Mich. Ct. R. 6.502(G).

Petitioner has already filed one motion for relief from judgment, and he is not alleging a retroactive change in the law or newly discovered evidence.  Therefore, he is barred from filing another motion for relief from judgment in state court.

Finally, the claims that Petitioner seeks to exhaust have no obvious merit.  The first claim alleges a lack of probable cause to support the arrest warrant.  This claim lacks merit because Fourth Amendment claims generally are not cognizable on habeas review.  *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

The second claim alleges an untimely arraignment.  Petitioner apparently was held in custody pursuant to a facially valid arrest warrant.  "[S]ince the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."  *Baker v. McCollum*, 443 U.S. 137, 143 (1979).  Thus, the second new claim lacks merit.

The third new claim alleges that Petitioner was denied counsel during the arraignment on the complaint and warrant.  Petitioner has provided no documentation in support of this claim, and the state court docket suggests that Petitioner may have been represented by counsel at his arraignment.  Even if he was not represented by counsel, it is possible that he waived counsel.

The Court concludes for all the foregoing reasons that it would be an abuse of discretion to stay and abey this case to permit Petitioner to raise additional new claims in state court.  Accordingly, the motion to hold this case in abeyance [Doc. #43, Feb. 24, 2006] is DENIED.


s/Nancy G. Edmunds

3

Nancy G. Edmunds
United States District Judge

Dated:  April 26, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 26, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager